UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RANDALL LEWIS,

        Petitioner,

vs.

MacDONALD Warden,

        Respondent.

CASE NO. CV 16-1440-PSG (AGR)

ORDER TO SHOW CAUSE

The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that his challenge to his 2010 conviction may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period commences on the date a petitioner's conviction became final. *Id.*

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010).

Petitioner indicates that he signed the current petition on February 17, 2016. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On February 1, 2010 in Los Angeles County Superior Court, Petitioner pleaded no contest to shooting at an inhabited dwelling and other charges. He was sentenced to prison for 13 years and 8 months. (Petition at 1-2.)

(b) Petitioner appealed to the California Court of Appeal and was appointed counsel, but on August 18, 2010 that court granted his request to abandon the appeal. (*See* docket in *People v. Lewis*, no. B223898 (Cal. Ct. App. 2d Dist.), *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=1940922&doc_no=B223898.)[1] It appears that Petitioner's one-year AEDPA limitations period began to 40 days thereafter, after September 27, 2010, when his time expired to petition the California Supreme Court for review.[2] Because the record does not reflect any challenges by Petitioner to his conviction or sentence in the year that followed, it further appears that the limitations period expired after September 27, 2011.

(c) Over four and half years passed after Petitioner abandoned his appeal. On May 8, 2015, the trial court issued an order responding, it stated, to Petitioner's April 27, 2015 letter inquiring about his sentence. The order stated that Petitioner "was correctly sentenced to the agreed upon term" and set forth the various components of that sentence, count by count. (*See* Ex. 1 to Petition.) On October 8, 2015, Petitioner filed a habeas action in the California Court of Appeal, which denied relief (in its case number B267495) on October 22, 2015. On November 30, 2015, Petitioner filed a habeas petition in the California

---

[1] On page 3 of the petition, Petitioner states that the California Court of Appeal denied his appeal in case number TA108173 on October 8, 2012. He is mistaken. Petitioner abandoned his direct appeal and, as further discussed below, had no further proceedings in the appellate court until he filed a habeas action there in 2015, not 2012. Furthermore, the case number he supplies is his trial-court case number; it does not correspond to either his direct appeal or his habeas petition in the appellate court.

[2] The 40 days consists of 30 days before the Court of Appeal's decision becomes final, Cal. R. Ct. 8.366(b)(1), plus 10 days thereafter for Petitioner to file a petition for review in the California Supreme Court. Cal. R. Ct. 8.500(e)(1).

Supreme Court, which denied relief on February 24, 2016 in its case number S230859.

(d) Petitioner indicates that he signed the current petition on February 18, 2016.

\* \* \* \* \*

This action is time-barred unless equitable tolling applies. Absent such tolling, the action became stale after September 27, 2011. Petitioner's commencement of state-court sentencing challenges thereafter did not rejuvenate his already-stale claims. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

"[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland, supra,* 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 653 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when "'extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time'" and "'the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original). There is no indication in the petition that Petitioner is entitled to equitable tolling.

**Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than April 7, 2016.**

///

///

///

///

1 | **If Petitioner does not file a response within the time allowed, the action**
2 | **may be dismissed for failure to timely file, and for failure to prosecute.**
3 | IT IS SO ORDERED.

5 | DATED: March 15, 2016

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge